IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACKIE ROBERSON, M11673, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 16-cv-00831-MJR ) |
| NALTER PING and LPN OLIVER, | ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Jackie Roberson, who is currently incarcerated at Shawnee Correctional Center ("Shawnee"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against two nurses who were involved in administering him a single dose of the wrong medication at Shawnee on March 25, 2016 (Doc. 1, pp. 5-6, 8-9). Plaintiff claims that this incident violated his constitutional rights. He describes the situation as an emergency, but requests no relief (*id.*).

## Merits Review Under 28 U.S.C. § 1915A

This case is before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).  The complaint does not survive preliminary review under this standard and shall be dismissed.

## The Complaint

On March 25, 2016, Nurse Ping administered Plaintiff a single dose of the wrong medication for his chronic hypertension (Doc. 1, pp. 5-6, 8-9).  Plaintiff noticed that the pill looked different than his usual medication.  He pointed this out to Nurse Ping.  In response, the nurse said, "[I]t's what was in stock for you" (*id*. at 8).  Plaintiff ingested the pill.

The same day, an unknown correctional officer informed Plaintiff that he had been given the wrong pill.  The correctional officer ordered him to return to the medication line.  When he did, Nurse Oliver confirmed that Plaintiff was given the wrong medication, but the nurse assured

him that it would cause no harm.  Nurse Oliver then provided Plaintiff with the correct medication, and he took it.

An hour later, Plaintiff began suffering from sharp chest pains and shortness of breath (*id*. at 8-9).  He informed C/O Johnson of his symptoms, and the officer summoned help (*id*. at 9).  C/O Lyle and a nurse placed Plaintiff in a wheelchair and took him to the prison's healthcare unit.  There, a doctor and nurse examined Plaintiff and monitored his heart using an electrocardiogram.  He was then transported to Heartland Regional Medical Center's emergency room for further evaluation and treatment.

Plaintiff now asserts that Nurse Ping and Nurse Oliver violated his constitutional rights in connection with this incident.  He describes the situation as an "emergency," but he seeks no actual relief (*id*. at 6).

## Discussion

The allegations in the complaint do not support a constitutional claim against Nurse Ping or Nurse Oliver.  Plaintiff's claim arises under the Eighth Amendment, which "imposes a duty on government officials to provide medical care to prisoners." *Townsend v. Cooper*, 759 F.3d 678, 689 (7th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)).  Prison officials violate the Eighth Amendment when they respond to a prisoner's serious medical needs with deliberate indifference.  *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (citing *Estelle*, 429 U.S. at 104).  To state a claim, a prisoner must demonstrate that his medical condition is objectively serious.  *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1970)).  He must also demonstrate that the defendants responded to his serious medical needs with deliberate indifference, which is a subjective standard.  *Id*.

For purposes of this Order, the Court assumes, without deciding, that the allegations satisfy the objective component of this claim.

However, the complaint must also satisfy the subjective component, and it does not. To do so, Plaintiff must allege that the defendant in question knew of and disregarded an excessive risk to inmate health. *Greeno*, 411 F.3d at 653. The Seventh Circuit has held that the denial of medication on a single occasion does not typically rise to the level of an Eighth Amendment violation. *See Gil v. Reed*, 381 F.3d 649, 662 (7th Cir. 2004) (citing *Gutierrez v. Peters*, 111 F.3d 1364, 1375 (7th Cir. 1997) ("isolated instances of neglect in the course of treatment may not be enough to make out a claim for deliberate indifference"). Similarly, standing alone, the administration of unneeded medication does not support an Eighth Amendment claim. *See Bowers v. Seymour*, 436 F. App'x 676 (7th Cir. 2011) (nurses who routinely provided inmate with unneeded medication were not deliberately indifferent to inmate's medical needs). The subjective component of this claim requires a substantial departure from accepted medical judgment, practices, or standards. *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000). This may occur when the failure to dispense the correct medication is deliberate and potentially malicious. *Gil*, 381 F.3d at 662.

In the instant case, the allegations suggest no such thing. Nurse Ping administered Plaintiff a *single* dose of the wrong medication on March 25, 2016. Plaintiff noticed that the pill looked different. He even pointed this out to the nurse. The nurse did not explicitly state that Plaintiff was receiving the correct medication. Nurse Ping instead said, "[I]t's what was in stock for you" (*id*. at 8). At that point, Plaintiff took the pill, and he does not allege that the nurse forced him to do so.

These allegations do not suggest that Nurse Ping knew that Plaintiff received the incorrect medication or wanted him to take the wrong medication. At most, they suggest that the nurse made a mistake, which is not enough to state a claim under the Eighth Amendment. Allegations of negligence or medical malpractice give rise to no constitutional claim. *See Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010) (citing *Estelle*, 429 U.S. at 106; *Estate of Cole v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996)). *See also Gutierrez*, 111 F.3d at 1374.

During the same shift, Plaintiff was called back to the medication line, where Nurse Oliver confirmed that he received the wrong pill. The nurse assured Plaintiff that he would be okay and gave him the correct medication. Standing alone, this conduct does not amount to deliberate indifference.

Whether Nurse Oliver should have immediately sent Plaintiff to the prison's healthcare unit for further evaluation is unclear. Plaintiff never revealed what medication he was originally given or whether it was known to interact, in any harmful way, with his regular medication. The allegations also do not suggest that this defendant, or anyone else, ignored a known allergy to the medication that he was incorrectly administered. Given the vague allegations, the Court finds no suggestion that Nurse Oliver exhibited deliberate indifference toward Plaintiff.

The subsequent events support this conclusion. When Plaintiff experienced sharp chest pains and difficulty breathing, prison officials and medical staff did not ignore him. They responded immediately, by transporting him to the prison's healthcare unit, evaluating his condition, and transporting him to the local hospital for emergency treatment. Plaintiff offers no allegations suggesting that his treatment in the emergency room was delayed or ineffective. He describes no lingering or lasting effects. No deliberate indifference claim is stated against either defendant.

In addition to stating no claim for relief, the complaint includes no request for relief. Plaintiff characterizes the situation that occurred on March 25, 2016, as an emergency, but he does not allege that he continues to face an emergency (Doc. 1, p. 6). The Court already considered whether some form of emergency injunctive relief was warranted and concluded that it was not. An Order was entered denying any request for "emergency" relief on July 28, 2016 (Doc. 4). Plaintiff seeks no other relief, such as declaratory judgment, monetary damages, or injunctive relief. Rule 8(a)(3) of the Federal Rules of Civil Procedure requires "[a] pleading that states a claim for relief [to] contain . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." *See id.* The complaint does not comply with this requirement.

In addition, Plaintiff admits on the face of the complaint that he did not exhaust his administrative remedies prior to filing this action (Doc. 1, p. 4). Plaintiff may not pursue his § 1983 claims in federal court until after he has exhausted his available remedies. *See* 42 U.S.C. § 1997e(a). Although failure to exhaust administrative remedies is usually an affirmative defense, when, as here, it is clear from the face of the complaint that Plaintiff has not exhausted his available remedies, the complaint fails to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199, 214-215 (2007); *see Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002) (dismissal is appropriate "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous").

For the reasons set forth herein, Plaintiff's complaint shall be dismissed, and the dismissal will be without prejudice.

### Pending Motion

After being warned that this action would be dismissed if he did not pay a $400.00 filing fee or file a properly completed Motion for Leave to Proceed *In Forma Pauperis* ("IFP motion") by August 22, 2016, Plaintiff filed an IFP motion on August 23, 2016. The IFP motion (Doc. 7) will be addressed in a separate Order of this Court.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) and this action is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim.  *Paul v. Marberry*, 658 F.3d 702 (7th Cir. 2011).  If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R.

APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly

**IT IS SO ORDERED.**

**DATED: August 26, 2016**

<u>s/ MICHAEL J. REAGAN</u>
**Chief Judge**
**United States District Court**